## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| Regina Boston, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  3:12-cv-680-GCM |
| | ) | |
| Leading Edge Recovery Solutions, LLC, | ) | Honorable Judge Graham C. Mullen |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## ANSWER TO COMPLAINT

Defendant, Leading Edge Recovery Solutions, LLC ("LERS"), for its Answer to Plaintiff's

Complaint, states as follows:

### PRELIMINARY STATEMENT

1.      This is an action for damages brought for damages for violations of the Fair Credit

Reporting Act (FCRA) 15 U.S.C. §1681 *et seq*.

**ANSWER:  LERS admits that Plaintiff purports to bring this action pursuant to the FCRA,**

**denies that Plaintiff has a claim under the FCRA, denies that LERS has violated the FCRA,**

**and denies the remaining allegations.**

### JURISDICTION AND VENUE

2.      The jurisdiction of this Court is conferred by 15 U.S.C. §1681p.

**ANSWER:  LERS admits.**

3.      Venue is proper in this District Court pursuant to 28 U.S.C. §1391b.

**ANSWER: LERS admits venue is proper in this District Court pursuant to 28 U.S.C. § 1391(b).**

**LERS denies the remaining allegations.**

1

4.      Plaintiff, Regina Boston is a natural person and is a resident of the State of North Carolina.

**ANSWER: LERS admits that Plaintiff is a natural person.  LERS lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations, and therefore, denies the remaining allegations.**

5.      Defendant, LEADING EDGE RECOVERY is an Illinois Corporation, and is authorized to do business in North Carolina.

**ANSWER: LERS admits that it is authorized to do business in North Carolina.  LERS denies the remaining allegations.**

6.      All conditions precedent to the brining of this action have been performed, waived or excused.

**ANSWER: LERS lacks knowledge or information sufficient to form a belief regarding the truth of the allegations, and therefore, denies the allegations.**

<u>FACTUAL ALLEGATIONS</u>

7.      Plaintiff obtained her consumer credit reports from the three major reporting agencies and found entries by entities that she was unfamiliar with in the reports.

**ANSWER:  LERS lacks knowledge or information sufficient to form a belief regarding the truth of the allegations, and therefore, denies the allegations.**

8.      Plaintiff found, after examination of her Transunion consumer credit report, that Defendant Leading Edge Recovery had obtained Plaintiff's Transunion consumer credit report on June 4, 2010.

**ANSWER:  LERS admits that it requested Plaintiff's credit information from TransUnion on or about June 4, 2010.  LERS lacks knowledge or information sufficient to form a belief regarding the truth of what Plaintiff found on her TransUnion credit report, and therefore, denies the allegations.  LERS denies the remaining allegations.**

2

9. Discovery of violation brought forth herein occurred in August 2012 and is within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p.

**ANSWER: LERS denies any violation of the FCRA. LERS lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations, and therefore, denies the remaining allegations.**

## COUNT I

10. Paragraphs 1 through 9 are re-alleged as though fully set forth herein.

**ANSWER: LERS restates its answers to Paragraph Nos. 1 through 9 above.**

11. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

**ANSWER: LERS admits.**

12. Transunion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

**ANSWER: LERS lacks knowledge or information sufficient to form a belief regarding the truth of the allegations, and therefore, denies the allegations.**

13. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

**ANSWER: LERS lacks knowledge or information sufficient to form a belief regarding the truth of the allegations, and therefore, denies the allegations.**

14. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

**ANSWER: LERS admits.**

15. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

3

**ANSWER: LERS admits the above are permissible purposes under 15 U.S.C. § 1681b, but denies that they are the only permissible purposes under 15 U.S.C. § 1681b and denies the remaining allegations.**

16.     Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application of employment with, applied for insurance from, or received a bona fide offer of credit from Defendant.

**ANSWER:  LERS denies.**

17.     In June of 2010, Defendant obtained the Plaintiff's Transunion consumer credit report without permissible purpose and in violation of the FCRA, 15 U.S.C. § 1681b.  Plaintiff had no account whereby Defendant could claim permissible purpose and said actions were a clear violation of Plaintiff's privacy.

**ANSWER:  LERS denies.**

18.     Plaintiff sent a notice to LEADING EDGE RECOVERY of their [sic] violation of the FCRA on August 29, 2012 and on September 7, 2012.  This was an effort to mitigate damages and reach a settlement for their [sic] violation in obtaining Plaintiff's credit report before taking civil action against them [sic].  Plaintiff was not able to settle this matter with defendant prior to litigation.

**ANSWER:  LERS admits that Plaintiff sent it a notice on August 29, 2012 and September 7, 2012, alleging that LERS violated the FCRA, but LERS denies any FCRA violation.  LERS admits that Plaintiff was not able to settle this matter prior to filing this lawsuit.  LERS lacks knowledge or information sufficient to form a belief regarding the truth of Plaintiff's effort to "mitigate damages and reach a settlement," and therefore, denies the allegations.  LERS denies the remaining allegations.**

19.     At no time did Plaintiff give her consent to LEADING EDGE RECOVERY to acquire her consumer credit report from any credit reporting agency.

4

**ANSWER: LERS denies.**

20.     The actions of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

**ANSWER: LERS denies.**

21.     At no time has LEADING EDGE RECOVERY ever provided any valid justification they [sic] may have had for obtaining Plaintiff's credit report. The Defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty. There was no account that the Defendant had any right to collect to have had a permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages for breach of said duty.

**ANSWER: LERS denies.**

## AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to state any claims upon which relief may be granted.

2.     Plaintiff has not suffered any damages.

3.     LERS had a permissible purpose for accessing Plaintiff's credit report.

4.     Pursuant to Section 1681m(c) of the Fair Credit Reporting Act, Plaintiff's claims are barred, in whole or in part, by LERS' reasonable procedures to assure compliance with the Fair Credit Reporting Act.

5.     Plaintiff's claims are barred, in whole or in part, by the statute of limitations and the doctrine of laches.

5

LEADING EDGE RECOVERY
SOLUTIONS, LLC,

By:     /s/ Timothy J. Tommaso
        Timothy J. Tommaso


Timothy J. Tommaso (IL State Bar No. 6293960)
Attorney for Defendant – PRO HAC VICE
Leading Edge Recovery Solutions, LLC
5440 N. Cumberland, Suite 300
Chicago, Illinois 60656
(773) 380-8800
(773) 380-8802 (fax)
Timothy.Tommaso@leadingedgerecovery.com

Date: November 7, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing ANSWER TO COMPLAINT was served upon the following:

Regina Boston
1220 Ballina Way
Charlotte, North Carolina 28214

by depositing a copy of same in the United States Mail, postage prepaid, on November 7, 2012.

/s/Timothy J. Tommaso
Timothy J. Tommaso